

**IN THE COURT OF CRIMINAL APPEALS
OF TEXAS**

**PD-1415-10**

**KEMUEL LINDSEY, Appellant**

**v.**

**THE STATE OF TEXAS**

**ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
FROM THE THIRTEENTH COURT OF APPEALS
NUECES COUNTY**

*Per curiam.*

**O P I N I O N**

Appellant was convicted of the third-degree felony of retaliation, and based upon an enhancement paragraph, sentenced to twenty-five years in prison.

At trial, Nisar Ahmed testified that appellant came into his convenience store and asked various customers for money. Ahmed eventually confronted appellant, and appellant punched him in the face. Police arrived and arrested appellant for assault. In the patrol car, appellant made several threats to "come back and hurt [Ahmed] for getting him arrested." Appellant said he was going to return to the store and "beat the f— out of this clerk again."

When the arresting officer asked appellant to calm down, appellant said, "F— you. I'm coming back to f— him up for putting me in jail."

On appeal, appellant claimed the evidence was insufficient to support his conviction. He argued that a conviction for retaliation cannot be supported unless the defendant intended to cause the result. That is, does the defendant have to intend that the victim either (1) hear or learn about his threats; or (2) be intimidated by his threats? The State recognized the legitimacy of that issue and responded appropriately. The court of appeals made a generalized review of the sufficiency of the evidence, but did not address appellant's specific argument. *Lindsey v. State*, No. 13-09-00181, 2010 WL 2966882 (Tex. App.–Corpus Christi July 29, 2010)(not designated for publication). Appellant has filed a petition for discretionary review in which he complains of the court of appeals' decision and reiterates his point that "at no time did [appellant] threaten Ahmed to his person or communicate a threat directly at Ahmed, nor was there any evidence that a threat to Ahmed was likely to be communicated."

The court of appeals is required to address "every issue raised and necessary to final disposition of the appeal." Tex. R. App. P. 47.1. We grant appellant's petition for discretionary review, vacate the judgment of the court of appeals, and remand this case to that court to address appellant's argument.

DELIVERED April 20, 2011
DO NOT PUBLISH